2017R00170/MFN/SD/ml

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph H. Rodriguez |
| v. | : | Crim. No. 19-662 |
| KARL JAMES, | : | CONSENT JUDGMENT OF FORFEITURE (MONEY JUDGMENT) |
| Defendant. | : | |
| | : | |

WHEREAS, on or about September 19, 2019, defendant Karl James pleaded guilty pursuant to a plea agreement with the United States to a one-count Information, which charged him with wire fraud, in violation of 18 U.S.C. § 1343;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of wire fraud, an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Count One of the Information, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense;

WHEREAS, in the plea agreement, defendant Karl James agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to $1,350,000 representing the proceeds of the offense charged in the Count One of Information (the "Money Judgment");

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Karl James:

(1) Consents to the forfeiture to the United States of $1,350,000 as a sum of money representing the proceeds of the wire fraud offense charged in Count One of the Information, to which the defendant has pleaded guilty, in the form of a criminal forfeiture money judgment to be imposed upon the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 (the "Money Judgment");

(2) Agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment.

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a result of the defendant's conviction of the wire fraud offense charged in Count One of the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), a criminal forfeiture money judgment in the amount of $1,350,000 shall be entered against the defendant (the "Money Judgment").

2.  The defendant having given his consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Order of Forfeiture, this Order is final as to the defendant Karl James, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3.  All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.  Pursuant to 21 U.S.C. § 853, the United States Marshals Service is authorized to deposit all payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

6.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Karl James,

shall be made part of the sentence of defendant Karl James, and shall be included in the judgment of conviction therewith.

The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $1,350,000.

7. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 19th day of September, 2019.

_____
HON. JOSEPH H. RODRIGUEZ
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

CRAIG CARPENITO
United States Attorney

_____  Dated: 9-19-19
By: MATTHEW FELDMAN NIKIC
Assistant United States Attorney

_____  Dated: 9-19-19
PATRICK McMAHON, ESQ.
Attorney for Defendant Karl James

_____  Dated: 9-19-19
KARL JAMES, Defendant